### APPEAL FROM THE PROBATE COURT.

Court of Appeals for Darke County.

IDA F. MILLER v. JOHN W. MILLER, ADMINISTRATOR.

Decided, May 1, 1914.

*Administrator—Appointment of, by the Probate Court—Not Subject to Vacation by Appeal, When—Sections 10605, 11206 and 10859*

An order by the probate court appointing as administrator of the estate of a decedent a person other than the one named in the will is not subject to review by appeal, where there is a finding by the probate court that the applicant for appointment designated in the will is not a suitable person to administer the estate.

*Martin B. Trainer,* for plaintiff in error.
*D. W. Bowman* and *John F. Maher,* contra.

FERNEDING, J.; ALLREAD, J., and KUNKLE, J., concur.

We have been favored in the consideration of this case by exhaustive briefs of counsel on both sides, which have been of valued service to the court in the conclusions arrived at.

The one question for solution presented seems to be whether or not an order of the probate court appointing one, not the party designated by the will, as the administrator of the estate, is subject to review by appeal.

Michael Miller of this county died, leaving a last will duly probated, item 4 of which provides: ''I do hereby nominate and appoint my trusty daughter, Ida F. Miller, my executrix of this my last will and testament,'' etc. The probate court appointed her brother, John W. Miller, administrator with the will annexed of the estate of Michael Miller, deceased, a certified copy of the journal entry from the probate court pertaining to said appointment being as follows:

''This day this cause came on to be heard upon the application of Ida F. Miller, to be appointed executrix of the estate of said Michael Miller, deceased, upon the evidence and argument· of counsel, and the court being fully advised in the premises do find that said applicant is not a suitable person to ad-

minister said estate, and do find that John W. Miller is a suitable person to act as such administrator, etc. Therefore the court do hereby appoint said John W. Miller administrtator with the will annexed of the estate of Michael Miller, deceased.

"Thereupon came said administrator, etc., and filed herein his application for such appointment and also presented herein his bond as such administrator, etc., in the sum of $32,000.00 with John Gilfillan, R. G. Howell, A. Z. Bruss and O. P. Wolvertion as sureties thereon according to law. And this bond is approved by the court and ordered made a matter of record of this court, as required by law and letters are issued accordingly."

Section 10605, General Code, provides:

"The probate court shall issue letters testamentary thereon to the executor if any be named therein if he is legally competent."

Counsel for Ida F. Miller in his brief asserts that this provision of the statute is "mandatory," unless the executor named in the will is legally incompetent. We have no quarrel with this general view, but it is manifest from a consideration of the journal entry that the probate court, for reasons satisfactory to himself, and presumably upon the evidence found that Mrs. Miller was not legally competent. Whether this judgment of the probate court is well founded or not can only be determined by a reviewing court in a case properly brought before such reviewing court where the evidence can be reviewed.

Mrs. Miller sought to bring the case to the common pleas court by an appeal. The court of common pleas upon motion, dismissed the appeal. From this ruling and judgment of the court of common pleas the case is brought to this court for review on error. The only question, therefore, for our consideration is whether the court of common pleas was justified in dismissing the appeal.

Counsel for the appellant rely upon the clause in Section 11206, General Code, providing for appeals, from an order removing or refusing to remove an executor, administrator, guardian, assignee, trustee or other officer appointed by the probate court.

The order of the probate court from which the appeal was attempted involves an original appointment, and not a removal or a refusal to remove. Counsel for appellant also relies upon Section 10859, General Code, which provides:

"From any order, judgment, or decree of the probate court, an appeal may be taken to the court of common pleas, by any person against whom it is made, or who is affected thereby, in the manner provided in other cases. Bills of exceptions may be taken and allowed upon any decision of the probate, common pleas or circuit court, in such proceedings as in other cases."

We think it has been sufficiently established that Section 10859, General Code, is limited to proceedings affecting orders of distribution and can not be made to apply to orders affecting original appointments of executors and administrators where the discretion of the original court is involved. Citing *Barr* v. *Klosterman,* 2 C. C., 390 (affirmed 27 Bull., 392); *Kislingberg* v. *Donovan,* 11 O. Dec., 542; *In re Kremer,* 8 N.P. (N.S.), 218, 219; *Ebersole* v. *Schiller,* 52 O. S., 702.

It is contended on behalf of the appellant that Section 11206, General Code, *supra,* should be liberally construed according to its spirit and reason, and to include cases of original appointment where the court declines to appoint the person or persons named in the will. Referring to the decisions upon this subject, we find that the courts have construed the statute in respect to appeals from the probate court to the common pleas court, strictly, rather than liberally. This policy is stated by Okey, J., in *Brigil* v. *Starbuch,* 34 O. S., 287:

"An examination of our legislation and decisions shows that it has been the general policy in this state not to permit an appeal from an order appointing or removing a trustee, and that this extends to guardians, executors and administrators. In some states the rule is different. 1 Green's Ch., 78; 1 McCarter, 540; 25 N. J. Eq., 508; 3 C. E. Green, 472; 1 Williams' Ex. (6 Sm. Ed.), 642. The exception as to an appeal from the appointment of a guardian for a lunatic or an idiot, made, doubtless, by reason of the gravity of the proceedings and its effect upon the persons, estate, and family of the ward, tends to prove the general rule in this state, and would seem to require that

those who assert other exceptions should be able to point out some provision in terms warranting the appeal."

In the case of *Browne* v. *Wallace,* 66 O. S., 57, it was held in an appeal under Section 11206, General Code, that:

"As the right of appeal exists only by virtue of the statutes, in order to give the appellate court jurisdiction, the statutory provisions must be strictly followed."

In the case of *Collins* v. *Millen,* 57 O. S., 298, Judge Bradbury, speaking for the court, says, at page 291:

"The right of appeal is statutory, and we must look to the statutes to ascertain if it has been lawfully exercised. The party who seeks to exercise this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment."

This policy of construction of statutes in regard to appeals was evidently in the mind of the General Assembly in the enactment of Section 11206, General Code, for it was expressly provided that appeals may be taken "in proceedings to appoint guardians or trustees for idiots, lunatics, imbeciles or drunkards."

Under the well known maxim, *"expressio unius est exclusio alterius"* the Legislature having expressly conferred the right of appeal in the cases specifically mentioned in the statute, there follows a reasonable inference that appeals were not to be allowed in other cases of original appointments. This construction is also in harmony with sound public policy. If appeals were to be allowed from cases of original appointments, it would often leave estates without any one in charge of the assets while the appointment was being litigated. The dictum of the Supreme Court in the case of *Bank* v. *Telegraph Co.,* 79 O. S., page 100, to the effect that, "The defendant if it had such an interest in the estate as would give it the legal standing to do so, might have attacked the appointment in the probate court, or by appeal or error," should be construed with the facts of that case.

It was not evidently intended to overrule the cases above cited nor to establish the right of an appeal direct from the

original appointment. The court evidently had in mind an appeal from the final judgment upon an application to remove an administrator who had been improperly appointed. The case of *Schumacher* v. *McCallip,* 69 O. S., 500, did not involve an appeal from the probate court and is, therefore, not authority on this subject.

The opinion expressed by Judge Ferris, in 7 N. P., 665, is one of discretion for the probate court. In the case cited in this report the court appointed the party named in the will, and then later removed him. This may be a very proper course in ordinary cases, but we can not apply that rule in a reviewing court, unless the case is properly before such court with all the evidence bearing upon the propriety of such appointment. For aught we know, and we have nothing before us either in support of or adverse to the proposition, the probate court may have had good ground for the judgment rendered.

Whether proceedings in error in the common pleas court would be available is not involved in the present litigation and we, therefore, express no opinion in respect thereto.

The appeal was properly dismissed by the court of common pleas, and its judgment will, therefore, be affirmed by this court.